### LUTHER LEE v. STATE.

No. A-4178.    Opinion Filed Jan. 29, 1923.
(212 Pac. 142.)

(Syllabus.)

**False Pretense—Evidence Insufficient to Support Conviction.**—In a prosecution for obtaining property by false pretenses, evidence considered and held not sufficient to sustain the verdict and judgment of conviction.

Appeal from District Court, Nowata County; C. W. Mason, Judge.

Luther Lee was convicted of false pretenses, and appeals. Reversed.

C. F. Gowdy, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction and sentence, in accordance with the verdict of the jury, to imprisonment in the penitentiary for three years. The information, in substance, charges that on or about the 7th

day of April, 1921, in Nowata county, Luther Lee did by the aid of certain false representations, and false pretenses as follows: "I am working for Moser; I am making harness for him, I am Moser's big harness maker; I know Campbell, and it will be all right to have the goods charged," with the intent to cheat and defraud the Cash Mercantile Company, a partnership composed of A. W. Campbell and Leslie Campbell, obtain one suit of unionalls, two work shirts, two suits of underwear, all of the value of $9, the personal property of the Cash Mercantile Company.

The testimony on the part of the state may be briefly stated as follows:

Orville Griffin testified:

"I was clerking for Campbell at the Cash Mercantile store; on the date alleged, about 7 o'clock in the morning, defendant, Luther Lee, came in and asked if Mr. Campbell was there. I said, 'No.' He said, 'I have got to go back to work at Moser's harness shop.' He said he would like to get the goods charged until the end of the week; I said I did not know how it would be with Mr. Campbell, and I was going to charge them to him when Mr. Greenway came in. Defendant turned to Mr. Greenway and said, 'How about this, Dad?' Mr. Greenway said, 'No; no more new accounts,' I have no right to charge them, or words to that effect. Defendant picked up the goods and said, 'Tell Mr. Campbell it will be all right; just make a ticket of it,' and walked out. I figured that if he worked for Moser I would be sure to get the money. I saw Mr. Moser afterwards, and he said defendant never worked there. After he had got about half a block I followed him out, but I could not find him."

A. Greenway testified:

"I was clerk at Campbell's store. Defendant came in and priced some underwear, saying that he would be back again the next morning; when I came to the store he was there, and Griffin was selling him some goods. I did not hear any

of the conversation except defendant said, 'Just make a ticket of it, Campbell knows me.' I said, 'No; don't make any ticket.' After he went out Griffin stood there kind of dumbfounded; I said, 'Why don't you get that fellow and try to get the goods?' and Griffin went out and came back in a minute or two and said he could not find him.''

The defendant offered no evidence, and at the close of the state's case moved for an acquittal on the ground that the evidence is insufficient to sustain a conviction, for the reason that the proof has been only by one witness.

Our Code of Criminal Procedure provides that, upon a trial for having with an intent to cheat and defraud another designedly by any false pretenses, the defendant cannot be convicted unless the pretenses, or some note or memorandum thereof, be in writing either subscribed by, or in the handwriting of, the defendant, or unless the pretenses be proved by the testimony of two witnesses, or that of one witness and corroborating circumstances. Section 2702, Comp. Stats. 1921.

In the case of Taylor v. Territory, 2 Okla. Cr. 1, 99 Pac. 628, this court said:

"While it is a rule approved by this court that, where there is any evidence to support a conviction, or where the evidence is conflicting, this court will not review the record for the purpose of ascertaining or determining the weight or sufficiency of the evidence, and ordinarily the verdict approved by the trial court will be allowed to stand, a case of this character, however, is exceptional. We have carefully examined and fully considered all of the testimony, as shown by the record, and we are of opinion that the evidence is not sufficient to sustain the verdict. In order to justify a conviction upon a trial of an indictment for false pretenses, it must appear that the prosecutor parted with his money by reason of some of the pretenses set forth in the indictment, or, if not solely by reason of such pretenses, that they at least materially influenced his action. In the absence of evidence that the prosecutor relied upon the pretenses charged,

the essential averment in such an indictment (that the defendant obtained the money by reason thereof) would not be supported; and, while it is not necessary that this fact should be shown by direct proof, it is competent to establish it by direct declarations of the prosecutor, and, in the absence of direct proof, it may be inferred from the facts and circumstances proved. Under our statute, it is necessary, before the defendant can be convicted, where the false pretense was expressed in language alone, that it be proven by the testimony of at least two witnesses, or of one witness and corroborating circumstances."

Applying the test which the statute prescribes, the testimony of the witness Griffin, standing alone, is insufficient to sustain the conviction. In our opinion there was no evidence whatever, when fully and fairly considered, to show the offense charged had been committed; on the contrary it only tended to show that the offense committed, if any, was at most only petit larceny. We therefore conclude that the evidence is insufficient to sustain the verdict and judgment of conviction. The judgment is therefore reversed.

In view of the fact that defendant has served more than a year of the sentence imposed, the district court of Nowata county is directed to discharge the defendant. The warden of the penitentiary at McAlester will deliver the defendant to the sheriff of Nowata county, who will hold him in custody pending proceedings consistent with this opinion.

MATSON, P. J., and BESSEY, J., concur.